BELSOME, J.,
Dissents With Reasons.
hi respectfully dissent from the majority opinion on the Batson[1] issue. In particular, I find that the State was required to submit race-neutral explanations on all of the jurors during the second Batson challenge. Thus, the trial court erred in sub *859 stituting its own race-neutral reasons for that of the State.
During the second round of voir dire, the State excused five African-American jurors: West, Carter, Washington, Jackson, and Ballard. The defense then noted its second Batson challenge. After acknowledging the alleged race-based strikes, the trial court required the State to offer explanations for Carter and Jackson; however, it did not require the State to offer any explanations for West, Washington, or Ballard, as it found these jurors’ responses, and/or body language made the reasons apparent.
It is clear from the trial court’s statements that it found a prima facie case of racial discrimination. The burden then shifted to the State to present race-neutral explanations for the strikes. Batson, 476 U.S. at 97, 106 S.Ct. at 1723; State v. Green, 94-887, p. 25 (La.5/22/95), 655 So.2d 272, 288. As the Louisiana Supreme Court has repeatedly noted, “the ultimate focus of the Batson inquiry is on the prosecutor’s intent at the time of the strike.” State v. Juniors, 03-2425, p. 32 |2 (La.6/29/05), 915 So.2d 291, 319 (Weimer, J., writing for the majority) (citing Green, 94-0887 at 24, 655 So.2d at 287). As discussed in Johnson v. California, 545 U.S. 162, 171-72, 125 S.Ct. 2410, 2418, 162 L.Ed.2d 129 (2005), the most significant element of the analysis is the actual reason the State struck the potential juror, not the court’s speculation. Furthermore, if the State’s reason is superficial, the discriminatory implication is not overcome because a trial judge, or an appeals court, can formulate a legitimate reason. Miller-El v. Dretke, 545 U.S. 231, 252, 125 S.Ct. 2317, 2332, 162 L.Ed.2d 196 (2005). See also State v. Elie, 05-1569 (La.7/10/06), 936 So.2d 791, 804, (Calogero, J., and Kimball, J., dissenting).
This writer appreciates the pressure a trial court is under to expedite congested dockets as quickly as possible. This undertaking may have caused the court to interject its observations or opinion for that of the prosecutor in an attempt to accelerate the trial. However, in doing so, it inadvertently assumed the State’s burden to provide a race-neutral explanation, and sidestepped the most critical step of the Batson analysis.
Often times, in serious cases, such as this one, we find these reversible violations. The Louisiana Supreme Court, in Elie, supra, relied on La.C.Cr.P. art. 795(C)[2] in finding that the State is not required to articulate a race-neutral reason if “the court is satisfied that such reason is apparent from the voir dire examination of the juror.” Id., 05-1569 at pp. 7-8, 936 So.2d at 797. However, the United States Supreme Court has made clear in Batson, Johnson, and Miller-El that the State is obligated to offer a race-neutral reason. The judge is an arbiter not a participant in lathe judicial process. Allowing the court to provide race-neutral reasons for the State violates Due Process as well as Equal Protection. These Constitutional guarantees should be vigorously protected.
*860 Accordingly, I would reverse the defendant’s conviction and sentence, and remand for a new trial.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. See La.C.Cr.P. art. 795(C), which provides: No peremptory challenge made by the state or the defendant shall be based solely upon the race or gender of the juror. If an objection is made that the state or defense has excluded a juror solely on the basis of race or gender, and a prima facie case supporting that objection is made by the objecting party, the court may demand a satisfactory race or gender neutral reason for the exercise of the challenge, unless the court is satisfied that such reason is apparent from the voir dire examination of the juror. Such demand and disclosure, if required by the court, shall be made outside of the hearing of any juror or prospective juror.